## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| JAVIER TORRES-LOPEZ, RAMIRO ESTRADA-MORALES, ARMANDO PENALOZA-VEJAR, GUADALUPE GUERRA-MUNOZ, EDWIN VALADEZ-MORALES, IVAN ALBERTO VAZQUEZ-MONCADA, JOSE DE JESUS ESCOTA-GARCIA, JOSE DE JESUS MUNOZ-ACROS, and DIEGO CASTRO-CASTRO, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 2:13-CV-061-J |
| SHERIFF BRUCE SCOTT, DAVID FIELD, RONNIE GORDON, SHERIFF FRANKY SCOTT, GARY L. SINCLAIR, GREG DUGGAN, MAX BOSLEY, BARBARA SOTO, KRYSTAL BASALDUA, PEDRO SALAZAR, and LISA SALYARDS, | § § § § § § § § § | |
| Defendants. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss filed by the following defendants: Dallam County Sheriff Bruce Scott, Dallam County Judge David Field, Hartley County Judge Ronnie Gordon, Hartley County Sheriff Franky Scott, Dallam-Hartley County Jail Administrator Max Bosley, Dallam-Hartley County Jail Dispatcher Barbara Soto, Dallam-Hartley County Jailer Krystal

Basaldua, and Dallam-Hartley County Jailer Lisa Salyards (collectively "Defendants").[1]  All are

sued in their individual and official capacities.  Defendants' motion is granted in part as follows.

## BACKGROUND

Plaintiffs are Mexican nationals who claim that Defendants held them in violation of 8

C.F.R. § 287.7(d), entitled "Temporary detention at Department [of Homeland Security]

request."  This subsection allows Immigration and Customs Enforcement (ICE) to issue an "I-

247 form" asking local law enforcement to hold detainees for up to 48 hours after local custody

over the detainee would otherwise end.  This 48-hour period is meant to allow ICE to take the

detainee into custody directly from local law enforcement.  Plaintiffs contend that Defendants—

after arresting most of them on minor offenses and receiving I-247 requests for all of them—

detained Plaintiffs in some cases for months without bond, during which Defendants tried to

poison Plaintiffs' relationship with their attorney, Steven Hall.

Stemming from these allegations are what Plaintiffs label their two causes of action:

(1) various civil rights violations under 42 U.S.C. §§ 1981 and 1983 leading to claims for

damages and injunctive relief; and (2) in the alternative, Plaintiffs seek a declaratory judgment

that Defendants have no authority to enforce the Immigration and Nationality Act.

Relying on Rule 12(b)(6), Defendants challenge many of the claims found in Plaintiffs'

first cause of action: disparate treatment based on race under § 1981; malicious prosecution

under § 1983; denial of contact with the Mexican embassy/consulate, presumably under the

Vienna Convention on Consular Affairs; failure to train/supervise under § 1983; cruel and

unusual punishment under the Eighth Amendment and § 1983; free speech and expression

violations under the First Amendment and § 1983; due process violations under the Fifth

---

[1] Named defendants Gary Sinclair, Greg Duggan, and Pedro Salazar, in addition to unnamed defendant
City of Dalhart, have not joined this motion.  These four have answered and in their answer seek
dismissal for, among other things, failure to state a claim.

Amendment and § 1983; violation of Fifth and Sixth Amendment rights to counsel; and state claims not seeking declaratory or injunctive relief.

## RULE 12(b)(6) STANDARD

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts construe the complaint and resolve doubts in favor of the plaintiff, taking all non-fanciful pleaded facts as true, *id.* at 681, but "[a] Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION
### *Section 1981*

Plaintiffs, quoting § 1981, assert that Defendants racially discriminated against them to deny "equal benefit of all laws," subjecting them to unequal "punishment, pains, penalties . . . and exactions."

Defendants argue that "[a]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (internal citation omitted). Although race-based contract impairment is prohibited by § 1981, and although the Supreme Court's *McDonald* language is broad, contract impairment is obviously not the statute's only prohibition, and *McDonald* dealt with § 1981's contractual provisions alone. *Cf. Mazloum v. Dist. of Columbia Metro. Police*

*Dept.*, 522 F. Supp. 2d 24, 38 (D.D.C. 2007) (citing discrimination cases based on equal benefits, not just contractual relationships).

Accordingly, the Fifth Circuit's pronouncement still applies: "To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns *one or more of the activities enumerated in the statute.*" *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002) (emphasis added), abrogated on other grounds by *Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53 (2006); *see also McNulty v. J.C. Penney Co.*, 305 Fed. Appx. 212, 217 (5th Cir. 2008) (quoting *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)).

Plaintiffs have sufficiently pled that Defendants targeted and denied them equal benefit of the law because they are Latinos. Their § 1981 claim survives to the extent asserted against Defendants in their individual capacities. *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 464 (5th Cir. 2001); *Vouchides v. Houston Cmty. Coll. Sys.*, No. H-10-2559, 2011 WL 4592057, at *8 (S.D. Tex. Sept. 30, 2011). To the extent Plaintiffs assert their § 1981 claim against Defendants in their official capacities, it is dismissed. *Oden*, 246 F.3d at 463 ("Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law.").

### *Malicious Prosecution under § 1983*

Defendants argue that "[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [is] not viable." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812–13 (5th Cir. 2010) (citing *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc)). Plaintiffs ignore this argument in their response and give no indication that their malicious

prosecution claim is anything but freestanding. They fail to state a malicious prosecution claim under § 1983.

### Denial of Contact with Mexican Embassy/Consulate under the Vienna Convention

Some Plaintiffs assert that they were denied the right to contact the Mexican embassy or consulate while incarcerated. Defendants, apparently unable to detect the source of Plaintiffs' purported right, surmise that it is rooted in Article 36 of the Vienna Convention on Consular Relations, entitled "Communication and Contact with Nationals of Receiving State." Plaintiffs do not disagree. This claim is consequently dismissed because "Article 36 of the Vienna Convention does not create an individually enforceable right." *Medellin v. Dretke*, 371 F.3d 270, 280 (5th Cir. 2004) (citing *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001).

### Failure to Train/Supervise under § 1983

*Respondeat superior* is unavailable to support a § 1983 claim. A plaintiff seeking to hold a supervisor liable must state a claim against the supervisor herself. To state a claim for failure to train or supervise, the plaintiff must allege: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citation omitted). Showing deliberate indifference normally requires a pattern of similar violations. *Id.*

Defendants argue that Plaintiffs' complaint contains no allegation of a pattern of violations and sets forth insufficient recitations of only some of the elements of failure to train/supervise claims.

Training/supervision allegations in the complaint are far from clear, but Plaintiffs sufficiently allege that at least some Defendants breached their duty to supervise and train subordinates, particularly jail employees, not to use the I-247 to hold Plaintiffs indefinitely without bail. They further allege a causal link between this lack of appropriate training—or, as Plaintiffs allege, the affirmative training of subordinates to defy the law—and the violation of Plaintiffs' purported right to pretrial freedom because some Defendants' subordinates unlawfully arrested Plaintiffs or held them without bond. Finally, Plaintiffs allege that Defendants, through months of violations and an official policy to hold Latinos indefinitely, were deliberately indifferent to Plaintiffs' rights to due process.

Plaintiffs have sufficiently alleged a failure to train/supervise claim, and the motion to dismiss this claim is denied.

### Eighth Amendment under § 1983

Defendants argue that "[t]he protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees . . . ." *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Plaintiffs provide no rebuttal, and their complaint does not indicate that they were mistreated post-conviction. Plaintiffs' Eighth Amendment claim for cruel and unusual punishment is dismissed as inadequately pled.

There also appears to be an excessive bail claim in the complaint, and Defendants do not seek its dismissal. This excessive bail claim survives.

### First Amendment under § 1983

Plaintiffs make a passing claim that Defendants violated their First Amendment rights to free speech and expression. But they do not assert that they sought to engage in any protected speech or expression, and they do not attempt to clarify their First Amendment claim in response

to Defendants' motion.  This claim is dismissed because Plaintiffs fail to allege how their right to free speech or expression was allegedly violated.

### Fifth Amendment Due Process under § 1983

Defendants seek to dismiss Plaintiffs' Fifth Amendment due process claim.   As Defendants point out, federal, not local authority must have caused the violation in order for a Fifth Amendment due process claim to survive.  *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

In their complaint, Plaintiffs allege that Defendants created a policy to indefinitely hold anyone against whom a federal I-247 form is issued, but Plaintiffs make clear that the form authorizes only a 48-hour hold and that the alleged policy of indefinite holds came from local, not federal, officials.  Plaintiffs therefore fail to state a Fifth Amendment due process violation. The Fourteenth Amendment due process claim survives.

### Fifth and Sixth Amendment Rights to Counsel under § 1983

Plaintiffs allege in their complaint that Defendants disrupted or sought to disrupt the attorney-client relationship between them and their attorney, calling this a violation of their Fifth and Sixth Amendment rights to counsel.  They allege that Defendants disparaged Steven Hall and "undermined the Plaintiffs' confidence in their criminal defense attorney."

The Fifth Amendment right to counsel, born of the privilege against self-incrimination, exists during pre-indictment custodial interrogation.  "[T]he Fifth Amendment 'right to counsel' requires [no]thing more than that the police inform the suspect of his right to representation and honor his request that the interrogation cease until his attorney is present."  *Moran v. Burbine*, 475 U.S. 412, 423 n.1 (1986).  Plaintiffs do not allege that they were denied counsel during pretrial custodial interrogation.

The Sixth Amendment right to counsel provides that "once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). The adversary process begins at arraignment or indictment. *Henderson v. Quarterman*, 460 F.3d 654, 661 (5th Cir. 2006). Plaintiffs do not allege that they were denied access to counsel at any critical post-arraignment or post-indictment juncture.

Plaintiffs offer no authority that undermining a detainee's confidence in his attorney violates a right to counsel, and the Court has found none. Plaintiffs' Fifth and Sixth Amendment right to counsel claims are dismissed as inadequately pled.

### State Law Claims

Defendants state that they are "not entirely certain that the Plaintiffs are asserting state causes of action [unrelated to declaratory or injunctive relief]." In their first cause of action, Plaintiffs vaguely claim that:

> Defendants were vested with state authority and had a non-delegable responsibility and duty to adhere, to comply with, and to enforce the laws of the United States of America and the State of Texas. The Defendants, while acting under color of law, commenced to implement a policy, custom, usage or practice to deny, deprive, and violate the Plaintiffs' rights, privileges or immunities under the constitution and laws of the United States.

Stating that Defendants had a duty to comply with Texas law is not a "short and plain statement" that any particular Texas law was violated, and in this paragraph Plaintiffs actually allege that Defendants violated *federal* law. There is no clear indication that Plaintiffs are entitled to relief under any Texas law, and they give none in their response. Although Defendants argue that state law claims unrelated to declaratory or injunctive relief must be dismissed because of various other reasons, Plaintiffs have simply failed to state a claim. Plaintiffs do not clarify in their response what their non-declaratory, non-injunctive state law

claims might be, and the Court cannot discern them.  Assuming Plaintiffs intended to assert any such claims, they are dismissed.

### CONCLUSION

Defendants' motion to dismiss Plaintiffs' § 1981 claim is GRANTED as to Defendants in their official capacities.  Defendants' motion to dismiss is also granted as to the following claims under § 1983: malicious prosecution, violation of the Eighth Amendment prohibition against cruel and unusual punishment, violation of the First Amendment right to free speech, violation of the Fifth Amendment right to due process, and violation of the Fifth and Sixth Amendment rights to counsel.  Likewise, Defendants' motion to dismiss is GRANTED against Plaintiffs' claim for denial of contact with the Mexican embassy/consulate and against any state law claims that do not seek declaratory or injunctive relief.  Not dismissed are Plaintiffs' § 1981 claim against Defendants in their individual capacities, their Fourteenth Amendment due process claim, their Eighth Amendment excessive bail claim, and their claim for failure to train or supervise.

This Order does not address the statement by Steven Hall that he intends both to testify and act as counsel in this case.  The Court will determine whether that is permissible at a later time.

It is SO ORDERED.

Signed this the _____ day of June, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE