IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAVIER TORRES-LOPEZ, RAMIRO ESTRADA-MORALES, ARMANDO PENALOZA-VEJAR, GUADALUPE GUERRA-MUNOZ, EDWIN VALADEZ-MORALES, IVAN ALBERTO VAZQUEZ-MONCADA, JOSE DE JESUS ESCOTA-GARCIA, JOSE DE JESUS MUNOZ-ACROS, and DIEGO CASTRO-CASTRO,

Plaintiffs,

v.

SHERIFF BRUCE SCOTT, DAVID FIELD, RONNIE GORDON, SHERIFF FRANKY SCOTT, GARY L. SINCLAIR, GREG DUGGAN, MAX BOSLEY, BARBARA SOTO, KTRYSTAL BASALDUA, PEDRO SALAZAR, and LISA SALYARDS,

Defendants.

No. 2:13-CV-061-J

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' *Motion for U-Visa Certification* under 8 U.S.C. § 1101(a)(15)(U) and related regulations, in which Plaintiffs ask the Court to issue a law enforcement certification (LEC) for each of them, qualifying them to apply for U-Visas. Defendants have responded, but Plaintiffs have failed to reply to Defendants' arguments and authority.

A person in the country illegally can seek a U-Visa if he is a victim of a crime that caused him substantial physical or mental abuse. Before a petitioner can seek a U-Visa, he must obtain an LEC from an authorized official saying that he has information regarding a qualifying crime

and "has been helpful, is being helpful, or is likely to be helpful" in investigating or prosecuting that crime. 8 U.S.C. § 1101(a)(15)(U)(i). Issuing an LEC is discretionary for an authorized official. *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 224 (5th Cir. 2010). Federal judges are authorized officials when they have some responsibility for investigation or prosecution of the relevant crime—that is, when the victim could help the judge fulfill her responsibility. 8 U.S.C. § 1101(a)(15)(U)(i)(III); 8 C.F.R. § 214.14(c)(2)(i).

Plaintiffs cannot be helpful to an investigation that does not occur, and there is no indication that criminal investigation (let alone prosecution) of Defendants is likely. Plaintiffs state that they "as victims of the acts of the Defendants, 'are likely to be helpful' in a *possible* investigation . . . ." (Emphasis added.) But they have apparently not even notified law enforcement of Defendants' purported crimes. *See Agaton v. Hospitality & Catering Services, Inc.*, No. 11-1716, 2013 WL 1282454, at *2–4 (W.D. La. Mar. 28, 2013) ("[the regulations] contemplate that some investigation or prosecution must have begun before certification."); *cf. Villegas v. Metro. Gov't of Nashville*, 907 F. Supp. 2d 907, 913 (M.D. Tenn. 2012).

Plaintiffs also fail to affect the Court's discretion by providing, for instance, personal statements of each Plaintiff's "substantial physical or mental abuse" under § 1101(a)(15)(U)(i)(I). *Cf. Garcia v. Audubon Communities Mgmt., LLC*, No. 08-1291, 2008 WL 1774584 (E.D. La. Apr. 15, 2008).

Finally, Plaintiffs fail to show that the Court is "responsible" for investigation or prosecution of alleged crimes against each Plaintiff under 8 C.F.R. § 214.14(c)(2)(i). *Cf. Agaton*, 2013 WL 1282454, at *2–4. It is therefore unclear whether the Court is even authorized to issue an LEC for Plaintiffs.

Plaintiffs' motion is DENIED without prejudice to refiling if they can make a prima facie showing of the § 1101(a)(15)(U) elements.

It is SO ORDERED.

Signed this the ____ day of June, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE